UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-391-CEH-SPF

DAVID LEOPOLD HUBER
_____

**ORDER**

This matter comes before the Court on the United States' Motion *In Limine* to Exclude Defendant's Expert Witness Testimony (Doc. 39), and Defendant David Huber's response in opposition (Doc. 43). A status conference was held on August 16, 2024, at which the Court made an oral ruling on the motion. This Order serves to memorialize the Court's oral pronouncement.

BACKGROUND

Huber is charged with the following offenses: (i) knowingly and willfully stealing Social Security benefits, in violation of 18 U.S.C. § 641, and (ii) knowingly and willfully making a materially false statement to a federal agency, in violation of 18 U.S.C. § 1001.

Huber intends to present the testimony of Dr. Scott Machlus, a clinical psychologist, who will opine:

1. Mr. Huber has autism spectrum disorder with relative deficits in memory and processing speed.

2. At the time of the charges, Mr. Huber was suffering from severe depression due to the loss of his mother, who was his main source of emotional and financial support, and due to problems at work.

3. These combined mental disorders can cause difficulties in understanding what is being said to him and expressing himself.

4. His symptoms of depression may have also included a diminished ability to think and concentrate and effect his decision-making abilities.

5. Both the autism and depression appear to have played a role in his actions and statements associated with the charges.

Doc. 39-1. The Government challenges the reliability and relevance of Dr. Machlus' conclusions as to both counts of the indictment. Doc. 39.

Huber argues that Dr. Machlus' methodology is explained in the report and is standard for the field of forensic psychology, and that his conclusions are amply corroborated by other reliable sources. Doc. 43. Huber further contends that the testimony is relevant to his "mistake of fact" theory of defense, which argues that he did not have the requisite *mens rea* of willfulness because he did not understand that he was not entitled to receive the benefits, and he did not understand the questions being asked of him by the federal agency. *Id.*

## DISCUSSION

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-EAK-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence

which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.*, quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials).

> Under Federal Rule of Evidence 702,
>
> > If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702; *see also United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004).

Upon review of Dr. Machlus' report, *see* Doc. 43-1, the Court concludes that Dr. Machlus' opinions are relevant and reliable with respect to Count II and Huber's autism diagnosis. Dr. Machlus personally diagnosed Huber with autism and noted a history of deficits in social communication that may have contributed to the conduct alleged in Count II. Doc. 43-1 at 12. His report contains conclusions on these topics that are clear, specific to Huber, and founded on identified evidence. The Government's motion is therefore denied with respect to these topics.

However, Dr. Machlus' report is not sufficient to establish that his conclusions as to Count I and Huber's alleged depression are admissible under Rule 702. He indicates generally that "[s]ymptoms of depression also include having a diminished

ability to think and concentrate, as well as affect decision-making abilities," *id.*, but does not opine that Huber was experiencing those symptoms. The connection between, and the foundation of, Dr. Machlus' conclusions about depression and Huber's *mens rea*, particularly with respect to Count I, are not clear from the report. Accordingly, the Court cannot make a ruling as to those topics without hearing the proposed testimony.

Therefore, ruling is deferred on the motion with respect to Dr. Machlus' conclusions about Count I and depression. The Court will consider a proffer of Dr. Machlus' testimony on these topics outside the presence of the jury.

Accordingly, it is **ORDERED**:

1. The United States' Motion *In Limine* to Exclude Defendant's Expert Witness Testimony (Doc. 39) is denied-in-part and deferred-in-part.
2. The motion is denied with respect to Dr. Machlus' testimony about Count II and autism. Ruling is deferred on the motion with respect to Dr. Machlus' testimony about Count I and depression.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4